Van Royce **VIBBER**, Appellant,

v.

**UNAUTHORIZED PRACTICE COMMITTEE of the State of Texas.**

No. 1885.

Court of Civil Appeals of Texas.
Houston. (14th Dist.).

Dec. 6, 1978.

Rehearing Denied Jan. 10, 1979.

Gerald P. Burleson, Burleson & Svetlik, Houston, for appellant.

John A. Graml, Reynolds & Graml, Houston, for appellee.

*hill*, 312 S.W.2d 407 (Tex.Civ.App.—Texarkana 1958, no writ).

J. CURTISS BROWN, Chief Justice.

Appellant was temporarily enjoined from pursuing certain acts constituting the unauthorized practice of law. He appeals on the sole ground that the trial court failed to require appellee to give a bond for damages.

Van Royce Vibber, appellant, although not an attorney, operated Divorce Services of Texas, an organization to provide petitions, waivers of citation, and drafts of divorce decrees to couples seeking a no-fault divorce. The Unauthorized Practice Committee of the State Bar of Texas, appellee, brought an action seeking a permanent injunction to stop such practice and further sought a temporary injunction pending the outcome of the litigation. The trial court granted the temporary injunction, but did not require appellee to post bond to secure appellant against losses, if any, in the event that the temporary injunction was wrongfully granted. Appellant does not contest the grounds for granting the injunction, as his only point of error is that the trial court erred in issuing the temporary injunction without requiring bond.

Tex.R.Civ.P. 684, requiring a court issuing a temporary injunction to fix the amount of security to be given by the applicant, has been construed to be mandatory in requiring a bond, and lack of a bond renders a temporary injunction void ab initio. *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex. 1970).

Conversely, if some statute or rule exempts the party seeking the injunction from posting bond, the temporary injunction would be valid without bond. In this instance the trial court found that no bond was required because appellee, as a state department, was exempted from posting bond by Tex.Rev.Civ.Stat.Ann. art. 279a (1973). Article 279a provides in relevant part that

[n]either the state . . . nor any county . . . nor any state department . . . shall be required to give any bond incident to any suit filed by such agency, official and/or entity, for costs of court or for any appeal or writ of error . . . nor any surety for the issuance of any bond for the taking out of writs of attachment, sequestration, distress warrants, or writs of garnishment in any civil suit.

On its face article 279a does not exempt a state department, such as the appellee, from giving bond to secure against damages in an action seeking a temporary injunction. However, there is authority concluding that the intent of the legislature in enacting article 279a was to exempt a state department from giving bond before obtaining a temporary injunction. *West v. Ellis County*, 241 S.W.2d 344 (Tex.Civ.App. —Waco 1951, no writ). The court, after finding that the statute itself did not exempt a county from giving bond in securing a temporary injunction, examined the caption of the article as it appeared in the session laws. That caption describes the article as "[a]n act exempting the State of Texas, any county in the State, any State Department or the head of any State Department . . . from giving security for costs or the posting of bond or bonds in securing any extraordinary writs . . .." Tex.Laws 1935, ch. 283, at 670. From reading the caption, the court reasoned that the legislature intended to include all extraordinary writs within the purview of article 279a. We follow *West* and conclude that the trial court correctly exempted the appellee, as a state agency, from posting bond to secure against damages.

Affirmed.