William L. DUBRY and James Ray Hedge, Appellants,

v.

The STATE of Texas, Appellee.

No. 57475.

Court of Criminal Appeals of Texas, Panel No. 2.

June 27, 1979.

Michael L. Pritzker, Marvin J. Glass, David M. Schneider, R. Brent Daniel and Marvin Leavitt, Chicago, Ill., Jim Vollers, Austin, for appellants.

Harold L. Comer, Dist. Atty., Pampa, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

The appellants were convicted for possession of more than four ounces of marihuana following a joint trial. Each appellant was assessed a punishment of imprisonment for ten years and a $5,000 fine.

The appellants contend that the evidence is insufficient to sustain their convictions. We agree.

At approximately 10:30 p. m. on February 18, 1976, Kevin Wynn was passing the Lipscomb County Airport near Follett when he saw an airplane land without its landing lights. When Wynn pulled into the airport parking area, the airplane turned around and took off downwind.

Wynn then drove to the home of Gene Born, a farmer, pilot, and manager of the airport, who lived nearby. The two men returned to the airport, but saw nothing out of the ordinary. They then drove out to check some irrigation wells four miles from the airport. While at the wells, they observed an airplane approach and land at the airport.

Born and Wynn immediately returned to the airport and drove onto the runway with their lights off. At first they saw nothing, but when they turned on their lights, an airplane at the north end of the runway turned on its navigation and landing lights and started its engines. The airplane then took off, with Born and Wynn having just enough time to move out of its path.

Born and Wynn then drove to the home of Lipscomb County Deputy Sheriff Walker Freeman. On their way they passed the Terrell Motel in Follett. Born noticed a new pickup truck leave the motel with two or three passengers and drive toward the airport, and from Freeman's front yard Born saw a vehicle enter the airport grounds. Freeman gave Born and Wynn a walkie-talkie radio so they could communicate with him in his official vehicle, and the three men proceeded to the airport.

Freeman entered the airport grounds through the south entrance, but quickly left to investigate some lights he saw on a road adjacent to the airport. Born and Wynn drove through the north entrance of the airport, parked, and turned off their lights. After they had been there for five minutes,

they saw two figures jump up approximately four hundred feet from them and run northward. Born and Wynn turned on their lights and began to drive toward the area to which these figures had run. They then saw a third figure jump up, climb over the fence, and lie down in a ditch. They radioed Freeman, meanwhile keeping this figure in sight in their headlights.

Freeman returned to the airport in response to the message from Born and Wynn and arrested the man in the ditch, who was the appellant Hedge. Born testified that he had first seen Hedge approximately two hundred feet from where the airplane had been parked. A search of Hedge following his arrest disclosed the registration papers for a 1976 Chevrolet pickup. Freeman testified that he detected the odor of marihuana as he sat in the car with Hedge, and a subsequent search of the coveralls Hedge was wearing when arrested revealed a trace of marijuana in one pocket. A walkie-talkie radio was found in the ditch near the spot where Hedge was arrested.

After witnessing Hedge's arrest, Born and Wynn returned to the north end of the airport runway. There, at the spot where the airplane had been parked, they saw for the first time a large number of burlap sacks. Subsequent investigation disclosed that there were thirty-eight of these sacks, and that they held a total of 1,300 pounds of marihuana.

Following the discovery of the sacks of marihuana, Freeman left the airport to look for additional suspects. Approximately one mile from the airport, he met a 1976 Chevrolet pickup with license plates matching the registration papers found in Hedge's possession. Freeman stopped this pickup and arrested the driver, the appellant Dubry. No marihuana was found in Dubry's clothing or in the pickup he was driving. Freeman did find in the pickup a flashlight with a red flasher and a ground-to-air radio.

Both appellants were from Webb City, Missouri. On the day following their arrest, a 1970 Ford pickup with Missouri license plates was found parked at a road-side park two miles from the airport. Marihuana was found in sweepings taken from the bed of the pickup, to which both appellants had a key.

■ To establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, custody, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Wilkes v. State,* 572 S.W.2d 538 (Tex.Cr.App.1978); *Harrison v. State,* 555 S.W.2d 736 (Tex.Cr.App.1977); *Rice v. State,* 548 S.W.2d 725 (Tex.Cr.App.1977); *Hernandez v. State,* 538 S.W.2d 127 (Tex. Cr.App.1976).

■ Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Waldon v. State,* 579 S.W.2d 499 (Tex.Cr.App.1979); *Sewell v. State,* 578 S.W.2d 131 (Tex.Cr. App.1979); *Wilkes v. State,* supra; *Harrison v. State,* supra. However, a finding of joint possession cannot be justified solely by proof of mere presence of the accused at a place where contraband is being used or possessed. *Waldon v. State,* supra; *Wilkes v. State,* supra; *Harrison v. State,* supra.

■ Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *Waldon v. State,* supra; *Wilkes v. State,* supra; *Harrison v. State,* supra. This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Waldon v. State,* supra; *Harrison v. State,* supra; *Long v. State,* 532 S.W.2d 591 (Tex.Cr. App.1976).

■ The evidence establishes that two airplane landings took place at the Lipscomb County Airport on the night in question. Both landings may or may not have

been by the same airplane. The marihuana was found near the spot where the second airplane was seen parked, but no one actually saw the marihuana being unloaded. At best, the evidence raises an inference that the occupants of the second airplane unloaded the marihuana at the airport.

The appellant Hedge was first seen two hundred feet from where the marihuana was discovered, running toward the airport fence. He was carrying a walkie-talkie, had the odor of marihuana about him and a trace of marihuana in his pocket, and had recently purchased a new pickup truck. Another pickup truck, to which Hedge had a key, was found two miles from the airport. Marihuana was discovered in sweepings from the bed of the latter truck.

The appellant Dubry was arrested one mile from the airport while driving the pickup recently purchased by Hedge. This pickup was similar to the one Born saw leaving the Terrell Motel and may have been the vehicle Born saw entering the airport as he stood outside Freeman's house. A flashlight and radio which could have been used to communicate with an airplane were found in the pickup, but no marihuana was found in the pickup or on Dubry's person. Dubry also had a key to the second pickup in which marihuana sweepings were found.

■ In order to sustain these convictions for possession of more than four ounces of marihuana, the evidence must establish possession by the appellants of the marihuana found on the airport runway; only a trace of marihuana was found in Hedge's pocket, and there is no evidence as to the amount of marihuana contained in the sweepings taken from the second pickup truck. The marihuana in question was not located in a vehicle or on premises owned or controlled by either appellant. Neither appellant was ever seen loading, unloading, or otherwise handling the marihuana. There is no evidence linking either appellant to similar transactions. While the evidence strongly suggests that the appellants knew that the marihuana was at the airport, there is little, if any, evidence affirmatively linking the appellants to the marihuana to such an extent that it may be inferred that they exercised care, custody, control, or management over the marihuana. The appellants may very well have been engaged in a conspiracy or attempt to possess the marihuana, but the criminal conspiracy and attempt provisions of the Penal Code do not apply to violations of the Controlled Substances Act. *Ex parte Russell,* 561 S.W.2d 844 (Tex.Cr.App.1978); *Baker v. State,* 547 S.W.2d 627 (Tex.Cr.App.1977); *Moore v. State,* 545 S.W.2d 140 (Tex.Cr.App.1976).

■ A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or mere probability is insufficient. *Sewell v. State,* supra; *Easley v. State,* 564 S.W.2d 742 (Tex.Cr.App.1978); *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977). While this case is a close one, particularly as to the appellant Hedge, we hold that the evidence creates only a strong suspicion of the appellants' guilt of the offense charged, and is insufficient to sustain the convictions. See *Sewell v. State,* supra; *Reyes v. State,* 575 S.W.2d 38 (Tex.Cr.App. 1979); *Wilkes v. State,* supra.

■ Given our holding that the evidence is insufficient to sustain the convictions, the constitutional guarantee against double jeopardy precludes further prosecution of this cause. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgments are reversed and the causes are reformed to show acquittals as to both appellants.