Teague v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-196-CR

     DARRIN RENAY TEAGUE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 91-082-CR
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Teague guilty of Possession with Intent to Deliver 200 grams or more but less
than 400 grams of Cocaine


 and assessed his punishment at eighty-five years in prison and a
$15,000 fine. In two points, Teague apparently contends that there was insufficient evidence that
he possessed at least 200 grams of cocaine [with intent to deliver]. We will affirm.
      Teague was the driver of a van traveling northbound on Interstate 45 when it was stopped by
a DPS trooper on June 13, 1991, for a defective turn signal. Teague did not have a driver's
license, and he incorrectly identified himself as Darrin Renay Kimble. There were two passengers
in the van identified as John Moats, owner of the van, and Jeffery Fitzpatrick.
      In open view on the floorboard of the van were two guns, a .45 semi-automatic and a 9 mm
machine pistol. Ammunition for both guns was found in various places in the van. The trooper
also discovered a pill bottle, found to contain a residue of crack cocaine, on the roadway directly
below a hole in the floorboard of the van. A small zip-lock bag, normally used to store crack
cocaine, was found on the rear captain's chair. The trooper eventually found two bags, 
containing 215.07 grams of cocaine, behind a panel in the van.
      John Moats testified for the State during the guilt-innocence phase of the trial that Teague had
arranged through a contact in Houston for Moats to buy the cocaine found in the van for $5,200,
for which Teague was to receive a small amount of the cocaine. Moats said that Teague, who
knew Moats was a drug dealer, had arranged a previous purchase of cocaine for him in Houston
because the price was cheaper there than where they lived in Oklahoma. Moats stated that Teague
contacted the same woman from whom Moats had purchased cocaine on the previous trip and that,
when he gave the woman the money for the cocaine, Teague was present. Moats said that, while
he hid the cocaine behind the panel in the van where the trooper found it, Teague went outside the
motel room with the woman for about fifteen minutes.
      To establish unlawful possession of cocaine, the State must prove two elements: (1) appellant
exercised care, control, and management over the cocaine; and (2) appellant knew the cocaine was
contraband. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985); Dubry v. State,
582 S.W.2d 841, 843 (Tex.Crim.App. [Panel Op.] 1979). Possession of the cocaine need not be
exclusive, and evidence showing that the appellant acted together with another person in jointly
possessing the cocaine is sufficient. McGoldrick, 682 S.W.2d at 578. Although "mere" presence
by itself is not sufficient, additional evidence that affirmatively links the appellant to the cocaine
is sufficient. Dubry, 582 S.W.2d at 843; Damron v. State, 570 S.W.2d 933, 935-36
(Tex.Crim.App. [Panel Op.] 1978). This evidence can be either direct or circumstantial. 
McGoldrick, 682 S.W.2d at 579.
      In determining the sufficiency of the evidence that affirmatively links the appellant to the
cocaine, accomplice testimony that meets the requirements of article 38.14 of the Texas Code of
Criminal Procedure


 can be used to establish those "affirmative links." De La Rosa v. State, 771
S.W.2d 170, 171 (Tex.App.—Austin 1989, no pet.). Moats' testimony directly links Teague to
the cocaine in that:
1.Teague knew Moats was a drug dealer.
2.Teague uses crack cocaine.
3.Teague went to Houston with Moats and arranged for and set up the purchase of the
cocaine.
4.Teague was present when it was purchased.
5.Teague expected to be compensated, after returning to Oklahoma, for his
participation in the purchase.
6.Teague and Moats engaged in a similar transaction the previous month.
      Article 38.14 permits a conviction based on accomplice testimony corroborated by other
evidence. The corroborating evidence is sufficient if it "tends to connect the defendant with the
commission of the offense." Reed v. State, 744 S.W.2d 112, 125 (Tex.Crim.App. 1988). All the
facts and circumstances in evidence may be looked at as furnishing the corroboration necessary. 
Id. at 126. The corroborating testimony need not directly link the appellant to the offense or be
sufficient in itself to establish the appellant's guilt. Id. Here, we find that the following facts and
circumstances corroborate Moats' testimony:
1. Teague was driving the van containing the cocaine.
2. There were guns on the floorboard of the van within easy reach of Teague and
ammunition scattered throughout the van.
3. A pill bottle containing traces of crack cocaine was found on the roadway directly
beneath a hole in the floorboard of the van.
4. The zip-lock bag on the captain's seat in the van.
5. Teague gave an alias to the trooper.
6. Teague stated to the trooper that the three men had traveled all night from Haskell,
Oklahoma, to Houston, Texas, to visit his mother and then turned around to go back to
Oklahoma the very same morning.
7. The amount of cocaine seized, from which may be inferred the "intent to deliver." 
Pitts v. State, 731 S.W.2d 687, 692 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd).
8. A letter from Teague to Moats was found when a search warrant was executed three
weeks prior to this trial in which Teague offered to "take the case" if Moats and
Fitzpatrick would pay him $15,000 and if he was able to "cop" for no more than ten
years.
      Proof that Teague was at the scene of the offense when it was committed, coupled with the
other above circumstances, are sufficient to corroborate Moats' testimony. See Reed, 744 S.W.2d
at 127.
      The standard of review, in both direct and circumstantial evidence cases, on sufficiency of the
evidence is whether, "after reviewing the evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt". Jackson v. Virginia, 443 U.S. 307, 319 n.12, 99 S.Ct. 2781, 2789 n.12, 61 L.Ed.2d 560
(1979); Garcia v. State, No. 683-90, slip op. at 3 (Tex.Crim.App. June 3, 1992). 
      The jury was instructed on the law of parties


 and its application to the facts of this case. As
to proof that an offense was committed, Moats' admissions at trial and the facts and circumstances
surrounding the arrest unequivocally show that Moats possessed, with intent to sell, the cocaine
found in the van. In determining whether Teague acted with intent to promote or assist Moats in
the commission of this offense, the court may look to events before, during, and after the
commission of the offense. See Burdine v. State, 719 S.W.2d 309, 315 (Tex.Crim. App. 1986),
cert. denied, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). One way in which the State
may prove that a party acted with intent to assist is by the actions of the party that show an
understanding and common design to commit the offense. Burdine, 719 S.W.2d at 315. Based
on Moats' testimony and the corroborating facts and circumstances, the jury could rationally find
beyond a reasonable doubt that Teague was a party to the offense. We overrule both points and
affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 5, 1992 
Do not publish1