Richard Wade **COONRADT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–91–00415–CR.

Court of Appeals of Texas,
Houston (14th Dist.)

Dec. 17, 1992.
Rehearing Denied Jan. 7, 1993.
Discretionary Review Refused
May 5, 1993.

**2.** *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App. 1972).

Brian W. Wice, Houston, for appellant.

Allen Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by the Court of possession of a controlled substance. His punishment, enhanced by one prior felony, was assessed at ten years confinement in the Texas Department of Criminal Justice, Institutional Division, and a one-thousand ($1,000.00) dollar fine. The confinement portion of his punishment was probated. In his sole point of error, appellant contends that the evidence was insufficient to sustain his conviction. We affirm.

On March 20, 1990, appellant was pulled over by a Houston Patrol Officer for a broken brake light. The Officer asked the appellant for his driver's license, but the appellant had no identification. The Officer then asked for his name, and appellant gave him a false name. The female passenger provided the Officer with appellant's real name. Appellant explained that he gave a false name because he was on parole and had not reported for some time. After confirming that a parole violator's warrant had been issued, the Officer handcuffed the appellant and placed him in the back seat of the patrol car.

The officer re-approached the vehicle to determine the passenger's identity. At that time, he noticed a silver cylinder-type object laying in the center of the front seat. He recognized it as a "crack" pipe. He inspected the pipe, and noticed that a piece of steel wool had been pushed into the end of the pipe for smoking. The passenger had no identification, therefore the officer went through a red duffel bag located on the floor of passenger's side; he found narcotics and men's clothing inside. In the back seat of the car, he found a leather jacket which the woman had been wearing. He found a glass tube in this jacket which he also identified as a crack pipe. Appellant argues that this evidence is insufficient to sustain his conviction.

Appellant's case was tried before the decision of *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). He argues that this Court should apply the "reasonable hypothesis test" in light of the Texas Court of Criminal Appeals' decision not to apply *Geesa* retroactively. Appellant's sole point of error presents two issues: (1) should we apply the "reasonable hypothesis" test in a pre-*Geesa* bench trial; and (2) is the evidence insufficient to sustain the conviction. The Texas Court of Criminal Appeals held in *Geesa* that: (1) appellate review under the "reasonable-hypothesis" test is not valid in light of its previous decision to abrogate the circumstantial evidence charge; and (2) a definitional instruction on "reasonable doubt" is required in light of this decision to abandon the "reasonable hypothesis" test.

The Court's decision was fostered by two main concerns: (1) appellate review of evidence under a standard a jury never had the opportunity to apply; and (2) proper guidance of a jury in reaching their verdict, considering they were no longer instructed on the law of circumstantial evidence.

The Court did not believe that the new rule of instructing the jury on "reasonable doubt" provided the defendant with any greater benefits than the "reasonable hypothesis" test. *Id.* at 165. It held that justice would be best served by application of the new rules to the case at bar and all

cases tried after it. The Court further believed that the denial of a retrospective application was not inequitable.

In a trial before the court, there is no jury charge. In such a case, we must presume that the trial court correctly applied the law. *Wallace v. State*, 770 S.W.2d 874, 876 (Tex.App.—Dallas 1989, pet. ref'd). Because of the reasoning of the court in *Geesa*, we decline to apply the "reasonable hypothesis" test. Therefore, we will review the question of the sufficiency of the evidence *only* in the light most favorable to the prosecution, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 826 S.W.2d 783, 784–85 (Tex.App.—Houston [14th Dist.] 1992, review ref'd).

To establish unlawful possession, "the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it." *Dubry v. State*, 582 S.W.2d 841, 843 (Tex.Crim.App.1979). It is not enough that the accused was driving a vehicle containing narcotics, or that the defendant was in close proximity to the contraband. *Johnson v. State*, 625 S.W.2d 330, 330–31 (Tex.Crim.App.1981); *Armstrong v. State*, 542 S.W.2d 119 (Tex.Crim. App.1976). The affirmative links must show additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Dubry* at 843.

The State established at trial that appellant was the driver of the vehicle. A crack cocaine pipe was found lying, in plain view, between the passenger and the driver. The passenger was wearing the jacket which contained a second "crack" pipe. Three baggies of marihuana and some cocaine were found in a duffel bag containing men's clothing. Further, appellant lied about his true name.

We believe that a rational trier of fact could have rejected the hypothesis that the *appellant was unaware of the contraband*, and have found that the appellant exercised care, custody, control or management over the contraband. It is not this Court's duty, or prerogative, to disregard, realign or weigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We cannot position ourselves as a thirteenth juror in assessing the evidence. *Id.* Therefore, reviewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.

The judgment of the trial court is affirmed.