**AFFIRMED as MODIFIED; and Opinion Filed December 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01054-CR

**LAWAN NAVAIL FISHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F11-56688-J**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices O'Neill and Campbell[1]
Opinion by Justice Campbell

Lawan Navail Fisher was charged with possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. Appellant waived his right to a jury and was tried before the trial court upon his plea of not guilty. The trial court found him guilty as charged and it assessed punishment at five years' imprisonment. In his sole issue on appeal, appellant contends the evidence adduced at trial is legally insufficient to support his conviction. Finding no reversible error, we overrule the issue, modify the judgment, and affirm.

The Fourteenth Amendment provides that no person may be deprived of liberty without due process of law. U.S. CONST. amend XIV, § 1. Given that guarantee, no criminal defendant may be convicted of an offense and denied his liberty except upon proof beyond a reasonable

---

[1] The Honorable Charles F. Campbell, Senior Appellate Judge, Texas Court of Criminal Appeals, sitting by assignment.

doubt. *In re Winship*, 397 U.S. 358, 364 (1970). In assessing the legal sufficiency of the evidence, we consider all the record evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the defendant guilty of all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). In that analysis, we take the elements of the offense as they are defined by the hypothetically correct jury charge for the case. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). Such a charge is one that, among other things, accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.3d 234, 240 (Tex. Crim. App. 1997).

The trier of fact is the sole judge of the weight and credibility of the evidence. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). As an appellate court, we act only as a "final, due process safeguard" ensuring that the evidence is at least minimally sufficient to reasonably support a finding of guilt beyond a reasonable doubt. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992).

"A person commits an offense if the person knowingly . . . possesses with intent to deliver a controlled substance in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.102 (3)(D) (listing cocaine as a controlled substance in Penalty Group 1). Possession means "actual care, custody, control, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2014). In addition to possession, the State must prove that the defendant actually knew the substance was contraband. *Dubry v. State*, 582 S.W.2d 841, 843 (Tex. Crim. App. 1979).

Appellant contends the evidence did not prove either (a) that he possessed the cocaine or (b) that he knew the substance was cocaine. Appellant contends the evidence establishes only that he was present in the apartment in close proximity to the cocaine. The State responds that the evidence is legally sufficient to support appellant's conviction because the evidence affirmatively links him to the cocaine. The question before us is, given the evidence at trial, could a rational trier of fact have found beyond a reasonable doubt (a) that appellant knowingly exercised care, custody, control, or management over the cocaine, and (b) that he knew it was contraband? *See Evans v. State*, 202 S.W.3d 158, 161–62 n. 9 (Tex. Crim. Appl. 2006) (in drug possession case, legal issue is whether there was evidence at trial of circumstances beyond defendant's mere presence at scene that would adequately justify conclusion that he knowingly possessed drug and knew it was contraband).

Three witnesses testified at the guilt stage of appellant's trial: Dallas police narcotics detectives D. Heter and S. Meyers and appellant himself. The testimony, viewed in the light most favorable to the judgment, shows Heter "received a complaint of narcotics sales" occurring at 4564 West Kiest Boulevard, apartment 1063, in Dallas County. After using a confidential informant to make a controlled cocaine purchase at the apartment in question, Heter obtained a search warrant for the apartment. When police officers forcibly entered the apartment and executed the search warrant, the officers found appellant, three other adult men, and appellant's infant stepson inside the sparsely furnished apartment. Appellant, who was sitting on a couch in the living room, objected to the police entry, telling the officers, "y'all can't do this. This is not right." The other men remained mostly quiet. A bag of pills[2] and one or more bags of cocaine were in plain view of the couch, close to where appellant was sitting. In various locations in the apartment's kitchen and bedrooms, the police found: two or more digital scales; razor blades; a

---

[2] There was no evidence adduced regarding the nature of the pills.

semi-automatic handgun; quantities of heroin, marijuana, and MDMA;[3] counterfeit one-dollar bills; plastic bags; "court papers" with appellant's name on them; and "some diapers and things of that sort." The court papers were found on a top shelf in a rear bedroom closet. One of the papers, a bond receipt, lists appellant's address as "4765 Kiest Blvd 1063." All four men present were arrested.

Later that afternoon, police transported appellant to a police station where he gave a videotaped statement to Heter and Meyers. Appellant told the detectives that he "stayed [at the apartment] several nights a week," he knew that marijuana, pills, and cocaine were dealt out of the apartment, and he had the contacts to get the narcotics that were sold from the apartment. The evidence also showed the apartment was leased to one of the arrested men—Armand Austin. In his trial testimony, appellant denied dealing drugs and contended Austin was the person dealing from the apartment. Appellant testified he never saw any of the drugs or drug paraphernalia in the apartment and the cocaine photographed on the sofa where he was sitting had been moved by the police. Appellant testified his court papers were there because his brother, also arrested in the apartment, had borrowed his suitcase and the papers were in the suitcase. Appellant testified he only knew Austin had marijuana in the apartment. Appellant testified he had gone over to the apartment to play videogames and to ask Austin for a loan. Finally, the testimony established that in 2008, appellant had been convicted of possessing a small quantity of cocaine.

From the aforementioned basic facts, a rational trier of fact could have inferred, at the very least, the following: that appellant, perhaps along with others, exercised dominion and control over the apartment and its contents; that he was familiar with the appearance of cocaine; and that, at the time in question, he was aware of the cocaine on the couch beside him and was

---

[3] MDMA is methamphetamine and a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.103(A)(1) (West Supp. 2014).

aware that it was contraband. Appellant was present at the time police officers discovered the cocaine, the cocaine was in plain view near him, other drug paraphernalia was present, appellant's personal property was found in the apartment, he asserted authority over the apartment by protesting the police intrusion, he admitted he was Austin's contact for acquiring narcotics, and he admitted he slept in the apartment several times a week. *See id*. at 162 n. 12 (summarizing a non-exclusive list of factors that may affirmatively link a defendant to contraband). We conclude, given the evidence adduced at trial, a rational trier of fact could have found beyond a reasonable doubt that appellant knowingly exercised care, custody, control, or management over the cocaine in question and he knew it was contraband. *See id*. at 163. We overrule appellant's issue.

We note the trial court's judgment reflects there was a plea bargain agreement as to punishment. The record reflects that there was no agreement as to punishment. Accordingly, we modify the section of the trial court's judgment entitled "Terms of Plea Bargain" to state "none." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We affirm the judgment of the trial court as modified.


/Charles F. Campbell/
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED


Do Not Publish
TEX. R. APP. P. 47

131054F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LAWAN NAVAIL FISHER, Appellant

No. 05-13-01054-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F11-56688-J.
Opinion delivered by Justice Campbell.
Chief Justice Wright and Justice O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the section of the trial court's judgment entitled "Terms of Plea Bargain" to state "none."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of December, 2014.