# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00817-CR
NO. 03-05-00818-CR

**The State of Texas, Appellant**

**v.**

**Thomas Dale DeLay, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. D-1-DC-05-900725 & D-1-DC-05-904161,
HONORABLE WAYNE PATRICK PRIEST, JUDGE PRESIDING**

## O P I N I O N

The State has filed this interlocutory appeal challenging the district court's quashing of those portions of the indictments against Thomas Dale DeLay that charge him with conspiring to violate the election code. *See* Tex. Pen. Code Ann. § 15.02 (West 2003); Tex. Elec. Code Ann. §§ 253.003, .094, .104 (West 2003). Although the legislature amended the election code in 2003 to explicitly incorporate a conspiracy offense, the State cannot rely on this amendment because DeLay is charged with conduct that took place prior to its enactment. *See* Tex. Elec. Code Ann. § 1.018 (West Supp. 2005). Instead, the State contends that conspiring to violate the election code has always been an offense and that the 2003 amendment merely clarified the law. Were we writing on a clean slate, the State's argument would carry considerable weight because Texas has had a generally applicable conspiracy offense since the nineteenth century. However, we are bound by

controlling precedent that limits the applicability of the penal code's conspiracy provision to offenses found within the penal code. Because the conspiracy provision of the penal code did not apply to making an illegal contribution under the election code at the time of the alleged criminal conduct, we affirm the district court's order.

## BACKGROUND

DeLay was charged in a series of indictments with money laundering,[1] conspiring to commit money laundering,[2] and conspiring to make an illegal contribution.[3] DeLay filed motions to quash the counts in the indictments alleging conspiracy to violate the election code, contending that they failed to state an offense under Texas law. After a hearing, the district court held that conspiracy to make an illegal contribution was not an offense at the time of the alleged conduct. Accordingly, the district court granted DeLay's motions to quash and dismissed the counts alleging that he conspired to violate the election code.[4] The State now brings this interlocutory appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2005).

## DISCUSSION

The issue is whether section 15.02 of the penal code applies to all felony offenses in any of the laws of Texas or only to offenses defined in the penal code. Although the State recognizes

---

[1] Tex. Pen. Code Ann. § 34.02 (West Supp. 2005).

[2] *Id*. § 15.02 (West 2003).

[3] *Id*.; Tex. Elec. Code Ann. §§ 253.003, .094, .104 (West 2003)

[4] DeLay also filed motions to quash the counts of the indictment alleging money laundering offenses. These motions were overruled.

2

a line of cases generally restricting the application of the penal code's criminal conspiracy provision to offenses under the penal code, it asserts that these cases were wrongly decided. *See Moore v. State*, 545 S.W.2d 140, 142 (Tex. Crim. App. 1976); *Baker v. State*, 547 S.W.2d 627, 629 (Tex. Crim. App. 1977). Alternatively, the State contends that an examination of the case law and the legislative history of the election code shows that the legislature intended that conspiring to make an illegal contribution be a crime prior to the 2003 amendment explicitly incorporating the penal code's criminal conspiracy provision.

### *Moore* and *Baker*

After the enactment of the 1974 penal code, the court of criminal appeals was called upon to decide the applicability of the criminal attempt and criminal conspiracy provisions found in chapter 15, title 4, of the penal code to offenses defined by other laws. In *Moore v. State*, the defendant was convicted of attempting to obtain a controlled substance by fraud. *See* 545 S.W.2d at 141. The underlying offense was a violation of the controlled substances act, and Moore was convicted of criminal attempt pursuant to section 15.01(a) of the penal code. *See id.* Moore argued on appeal that section 15.01(a) of the penal code did not apply because the underlying felony offense was located in the controlled substances act, not the penal code. Examining the statute, the court of criminal appeals focused on the provision of the code governing its applicability to offenses found outside of the penal code. *See id.* at 142. Section 1.03(b) of the penal code states:

> The provisions of Titles 1, 2, and 3 apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with the code.

3

Tex. Pen. Code Ann. § 1.03(b) (West 2003). The court noted that the general attempt provision of section 15.01 is contained in title 4 of the penal code, and thus, would not be applied to the controlled substances act pursuant to section 1.03(b). *Moore*, 545 S.W.2d at 142. In addition to its reliance on the fact that title 4 was not made applicable to offenses defined by other laws, the court of criminal appeals looked to the legislative history of the controlled substances act. The court explained that the precursor to the controlled substances act contained an attempt provision, but that the legislature chose to omit that provision when it enacted the new law in 1973. *See id*. Reasoning that the legislature could not have relied on the new penal code's general criminal attempt provision enacted the following year, the court of criminal appeals concluded that the legislature had intended to remove any attempt offense from the controlled substances act. *See id*.[5]

Just a year later, the court of criminal appeals considered whether a conviction for conspiracy to commit an offense under the controlled substances act constituted fundamental error.[6] *See Baker*, 547 S.W.2d at 628. Following *Moore*, the court reiterated that section 1.03(b) of the penal code made title 4 of the penal code, including the section 15.02 conspiracy provision, inapplicable to offenses defined in laws other than the penal code. Accordingly, the court held that

---

[5] The court of criminal appeals' analysis of the criminal attempt statute is consistent with the historically limited approach to criminal attempt in Texas law. Prior to the enactment of the penal code in 1974, an attempt to commit an offense was only illegal if the statute defining an offense included an attempt provision. *See* Texas Penal Code, A Proposed Revision § 15.01 cmt. at 132 (Final Draft October 1970) ("Section 15.01 . . . is a general attempt statute that represents a new approach to the law of attempt in Texas: the offense of criminal attempt is broadened to apply in conjunction with *all* of the offenses defined in the Revised Penal Code.").

[6] No brief was filed in the case and the court of criminal appeals reviewed the record in the interests of justice. *See Baker v. State*, 547 S.W.2d 627, 628 (Tex. Crim. App. 1977).

"the criminal conspiracy provisions set forth in Sec[tion] 15.02, supra, do not apply to the Controlled Substances Act." *Baker*, 547 S.W.2d at 629; *see also Dubry v. State*, 582 S.W.2d 841, 844 (Tex. Crim. App. 1979) ("criminal conspiracy and attempt provisions of the Penal Code do not apply to violations of the Controlled Substances Act"). In *Baker*, the court of criminal appeals did not discuss the legislative history of the criminal conspiracy offense to support its holding. *See Baker*, 547 S.W.2d at 629. Indeed, the discussion of legislative history in *Moore* would not have bolstered the holding in *Baker*. In contrast with the criminal attempt provision, there had been a generally applicable criminal conspiracy offense continually in place in Texas for ninety years prior to the enactment of section 15.02. *See* Act of Feb. 4, 1884, 18th Leg., 1st C.S., ch. 14, § 1, 1884 Tex. Gen. Laws 25, 25. Therefore, *Baker* interpreted section 15.02 of the penal code to have imposed a new limitation on the application of the criminal conspiracy offense.

**Stare Decisis**

The State advances several arguments attacking the reasoning behind *Moore* and its extension to the criminal conspiracy provision in *Baker*. Specifically, the State asserts that the plain language of section 15.02 and the uninterrupted history of a conspiracy offense in Texas undermine the holdings in *Moore* and *Baker*. Citing authority on the limitations of stare decisis, the State invites us to reexamine this "deficient precedent." *See Ex parte Townsend*, 137 S.W.3d 79, 82 (Tex. Crim. App. 2004); *Hammock v. State*, 46 S.W.3d 889, 892-93 (Tex. Crim. App. 2001); *Malik v. State*, 953 S.W.2d 234, 236 (Tex. Crim. App. 1997).

The State's criticism of *Moore* and *Baker* is well taken. The holding in *Baker* was a marked departure from the generally applicable conspiracy offense that had been on the books for

ninety years. *See* 1884 Tex. Gen. Laws at 25 (conspiracy applicable to agreement to commit "murder, robbery, arson, burglary, rape, *or any other offense of the grade of felony*.") (emphasis added). The holding is also inconsistent with the state bar committee on the revision of the penal code's comment that section 15.02(a) was intended to "clarify present law without substantial alteration." Texas Penal Code, A Proposed Revision § 15.02 cmt. at 137 (Final Draft October 1970).

Furthermore, the plain language of the statute indicates that it is generally applicable to any felony. Section 15.02 defines an offense as such:

(a) A person commits criminal conspiracy if, with the intent that a felony be committed:

  (1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

  (2) he or one or more of them perform an overt act in pursuance of the agreement.

Tex. Pen. Code Ann. § 15.02. "Felony" is broadly defined by the penal code as "an offense so designated by law or punishable by death or confinement in a penitentiary." *Id*. § 1.07(a)(23) (West Supp. 2005). A felony offense is "an offense so designated by law," whether the offense is created by the penal code, the controlled substances act, or the election code. *Id*. We find nothing in section 15.02, especially when read in conjunction with the penal code's broad definition of "felony," that suggests a legislative intent to limit conspiracy to offenses found within the penal code.

It is only through reference to section 1.03(b) of the penal code that the court of criminal appeals perceived this restrictive intent in applying sections 15.01 and 15.02. *See Baker*, 547 S.W.2d at 629; *Moore*, 545 S.W.2d at 142. While section 1.03(b) explicitly speaks to the

6

applicability of titles 1, 2, and 3 of the penal code, it does not necessarily limit the applicability of other provisions. *See* Tex. Pen. Code Ann. § 1.03(b). Moreover, the legislature has created dozens of felony offenses contained in at least twenty statutory codes.[7] In light of the historically broad application of Texas's criminal conspiracy offense, we find it unlikely that the legislature would have intended to eliminate criminal liability for conspiracy in such a panoply of felony offenses.[8]

Regardless of how we might view the application of section 1.03(b), *Moore* and *Baker* are the established precedent of the court of criminal appeals. As an intermediate appellate court, we lack the authority to overrule an opinion of the court of criminal appeals. *See State Oil Co. v. Kahn*, 522 U.S. 3, 20 (1997); *In re Smith Barney, Inc.*, 975 S.W.2d 593, 597 (Tex. 1998) (quoting *'21' Int'l Holdings, Inc. v. Westinghouse Elec. Corp.*, 856 S.W.2d 479, 486 (Tex. App.—San Antonio 1993, no writ) (Peeples, J., concurring)). It is the prerogative of the court of criminal appeals alone to overrule its interpretation of a statute. *See Kahn*, 522 U.S. at 20.[9] *Baker* appears

---

[7] *See, e.g.*, Tex. Agric. Code Ann. § 14.072(b) (West 2004); Tex. Alco. Bev. Code Ann. § 54.12 (West Supp. 2005); Tex. Bus. & Com. Code Ann. § 35.54(d) (West 2002); Tex. Educ. Code Ann. § 37.125(b) (West 1996); Tex. Elec. Code Ann. § 253.094(c); Tex. Fam. Code Ann. § 261.107(a) (West Supp. 2005); Tex. Fin. Code Ann. § 33.108(c) (West 1998); Tex. Gov't Code Ann. § 302.034 (West 2005); Tex. Health & Safety Code Ann. § 481.141(b) (West Supp. 2005); Tex. Hum. Res. Code Ann. § 35.012(b) (West 2001); Tex. Ins. Code Ann. § 101.106 (West 2005 pamphlet); Tex. Lab. Code Ann. § 418.001(b) (West 2005); Tex. Loc. Gov't Code Ann. § 392.043(d) (West 2005); Tex. Nat. Res. Code Ann. § 85.389(b) (West 2001); Tex. Occ. Code Ann. § 204.352(b) (West 2004); Tex. Parks & Wild. Code Ann. § 66.119(d) (West 2002); Tex. Tax Code Ann. § 152.101(b) (West 2002); Tex. Transp. Code Ann. § 501.151(c) (West 1999); Tex. Util. Code Ann. § 105.024(b) (West 1998); Tex. Water Code Ann. § 7.155(c) (West 2000).

[8] Of the twenty statutory codes creating felony offenses, this Court has found only two that specifically incorporate the penal code's criminal conspiracy provision. *See* Tex. Elec. Code Ann. § 1.018; Tex. Health & Safety Code Ann. §§ 481.108, 482.005, 483.053, 485.038 (West 2003).

[9] It is for this reason we must also reject the State's argument that the method of statutory construction detailed in *Boykin v. State* renders the opinions of court of criminal appeals in *Moore*

to be based on questionable reasoning and is arguably in conflict with the history of the criminal conspiracy offense in Texas as well as the growing legislative trend to propagate felony offenses throughout the various statutory codes. The court of criminal appeals may want to revisit its opinion in *Baker*. But until that time, *Baker* is the law and we are not free to disregard it.

**Applicability to the Election Code**

As an alternative to its request that this Court directly overrule *Baker*, the State contends that the holding in *Baker* should be limited in application to the controlled substances act. In fact, the holding in *Moore* and *Baker* has only been applied to the controlled substances act and the language in both cases is limited to that statute. *See Dubry*, 582 S.W.2d at 844; *Baker*, 547 S.W.2d at 629; *Moore*, 545 S.W.2d at 142. The State argues that differences between the legislative history of the election code and that of the controlled substances act demonstrate that *Moore* and *Baker* are fundamentally distinguishable and their holding should not be extended to the election code.

---

and *Baker* invalid. *See* 818 S.W.2d 782 (Tex. Crim. App. 1991). The United States Supreme Court has explained:

> If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.

*Rodriquez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989). Although the more rigorous approach to statutory interpretation discussed in *Boykin* may have produced a different outcome in *Baker*, this does not alter our obligation to follow controlling precedent.

The State's argument focuses on the court of criminal appeals' analysis of the controlled substances act in *Moore*. The State asserts that the reasoning in *Moore* is inapplicable to this case because the legislative history of the election code differs from that of the controlled substances act. However, the discussion of legislative history in *Moore* was not carried forward by the court of criminal appeals in *Baker*. *See* 547 S.W.2d at 629. The *Baker* court relied solely on its interpretation of section 1.03(b) of the penal code to limit the applicability of title 4's conspiracy provision to offenses found within the penal code. *See id*. This holding applies with equal force to any offense found outside the penal code whether in the controlled substance act or the election code.

## CONCLUSION

The district court correctly held that *Baker* generally limits the application of the penal code's criminal conspiracy provision to felony offenses contained in the penal code. Accordingly, we overrule the State's issue and affirm the district court's order.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Affirmed

Filed: April 19, 2006

Publish

9