# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00739-CR

**Calvin Hights, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. 2007-244, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Calvin Hights guilty of two counts of aggravated assault with a deadly weapon and assessed punishment for each count at seventeen years' imprisonment. In a single ground of review, appellant contends that the trial court erred by refusing to instruct the jury on simple assault as a lesser included offense. We will overrule this contention and affirm the judgments.

The first complainant, Selena Hendricks, testified that she went to appellant's residence, where she had been living, to retrieve her belongings. Before she could leave, appellant seized her outside the house, and they began to struggle. Hendricks testified that during this altercation, appellant grabbed her from behind and produced a knife. She testified that appellant held the knife in front of her, with the blade pointed at her as if he were going to stab her. Hendricks testified that she "felt like I was about to die or get stabbed, at least. I was scared for my life."

The second complainant, Israel Zapien, testified that he happened upon the scene and saw appellant "try[ing] to kill" Hendricks with the knife. Zapien struck appellant's face with his fist, which caused appellant to release Hendricks. Zapien testified that appellant then swung at him with the knife, and he had to jump away to avoid being cut.

The State's other witnesses were police officers involved in the investigation of this incident. There were no defense witnesses.

The two counts of the indictment alleged that appellant threatened Hendricks and Zapien with imminent bodily injury, and that he used a deadly weapon, the knife, while doing so. *See* Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2) (West Supp. 2008). The court's charge authorized appellant's conviction for aggravated assault in language tracking the indictment. The court denied appellant's request for an instruction authorizing his conviction for simple assault by threat.

An instruction on a lesser included offense is required only if: (1) the lesser offense is included within the proof necessary to establish the greater offense for which he is on trial, and (2) there is evidence that would permit the jury to rationally find that the defendant is guilty of the lesser offense but not the greater offense. *Hampton v. State*, 165 S.W.3d 691, 693-94 (Tex. Crim. App. 2005); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). There is no question that the first requirement was satisfied in this case. The question is whether the second requirement was satisfied.

A defendant is not entitled to a lesser included offense instruction simply because the jury might disbelieve crucial evidence pertaining to the greater offense. *Hampton v. State*,

2

109 S.W.3d 437, 440 (Tex. Crim. App. 2003). Instead, there must be some evidence directly germane to the lesser included offense before an instruction on that offense is warranted. *Id*. This means that appellant was entitled to the lesser included offense instruction only if there was some evidence that he threatened Hendricks and Zapien with imminent bodily injury, but that he did not use the knife as a deadly weapon while doing so. Appellant concedes that there was not.

Appellant argues that the rule requiring some affirmative evidence that the defendant is guilty only of the lesser included offense violates due process and the right to trial by jury. Appellant draws our attention to defense counsel's jury argument, in which he challenged the complainants' credibility and vigorously urged that there was no objective evidence that appellant used a knife during the assault. Appellant argues that the jury, as trier of fact, should have been allowed to return a verdict reflecting a finding that he assaulted the complainants but did not use a deadly weapon.

The court of criminal appeals has explained that the second prong of the predicate for a lesser included offense instruction—which applies whether the instruction is requested by the defendant or by the State—preserves the integrity of the jury as finder of fact by ensuring that the jury is authorized to convict for a lesser included offense only when that offense is a valid, rational alternative to the charged offense. *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). If the jury were instructed on a lesser included offense when the evidence did not raise it, the instruction would invite the jury to return a compromise or otherwise unwarranted verdict. *Id*. Given the evidence in this case, the only rational alternatives for the jury were to find that appellant threatened the complainants with the knife or that appellant did not threaten them at all.

Appellant's argument is not really with the trial court, but with the court of criminal appeals's precedent followed by the trial court. As an intermediate appellate court, we are no more permitted to disregard the controlling precedent of this State's highest criminal court than was the trial court. *See State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006), *aff'd*, *Colyandro v. State*, 233 S.W.3d 870, 885 (Tex. Crim. App. 2007). If the rule governing a party's entitlement to a lesser included offense instruction is to be changed, that decision must be made by the court of criminal appeals.

Appellant's ground of review is overruled, and the judgments of conviction are affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: December 30, 2008

Do Not Publish