**Affirmed and Memorandum Opinion filed August 20, 2019.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔒𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

NO. 14-18-00369-CR
NO. 14-18-00370-CR

**NATALIE FREEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Bell County, Texas**
**Trial Court Cause No. 2C16-04201 & 2C17-06288**

## MEMORANDUM OPINION

A jury convicted appellant Natalie Freeman of assault causing bodily injury to a member of her family or household. *See* Tex. Penal Code § 22.01(a)(1). The same jury also convicted appellant of terroristic threat to a member of her family or household. *See id.* at § 22.07(a)(2). Appellant argues on appeal that she suffered egregious harm as a result of an incorrect definition of "intentional" in the abstract

portion of both jury charges. We overrule appellant's issues because the Court of Criminal Appeals has determined that an incorrect definition in the abstract portion of a jury charge does not cause egregious harm when, as here, the application paragraph correctly instructs the jury.

## BACKGROUND

Appellant and Anthony Kendrick, the complainant, had a child as a result of a brief romantic relationship. Appellant and Kendrick shared custody of the child pursuant to a court order. According to Kendrick, appellant unexpectedly dropped the child off at his house on a day she was supposed to have possession. Kendrick agreed to take care of the child.

The next morning, Kendrick had an early medical appointment. Kendrick took the child to the store where appellant was working an overnight shift. Kendrick parked his vehicle next to appellant's and he waited there for appellant to get off work. When appellant arrived at her vehicle, Kendrick exited his vehicle and handed the child to appellant. A verbal confrontation occurred and appellant struck Kendrick in the face. Appellant then pulled a box cutter out of her pocket and threatened to cut Kendrick. Kendrick called 9-1-1. When police arrived on the scene appellant admitted that she struck Kendrick first and that she subsequently threatened him with a box cutter.

At the conclusion of the evidentiary portion of appellant's trial, the trial court submitted two charges to the jury. The terroristic threat charge instructed the jury as follows:

> A person commits the offense of terroristic threat if a person threatens to commit an offense involving violence to a person or property with intent to place a person in fear of imminent serious bodily injury and is committed against a member of the person's family or household member. . . .

2

A person acts intentionally, or with intent, with respect to the nature of his or her conduct or as a result of this person's conduct when it is his or her conscious objective or desire to engage in the conduct or cause the result.

Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt, that on or about the 13th day of May, 2016, A.D., in Bell County, Texas, the defendant, Natalie Louise Freeman, did then and there intentionally threaten to commit an offense involving violence to a family or household member namely, Anthony Kendrick, with intent to place said person in fear of imminent serious bodily, then you will find the defendant guilty of a misdemeanor as charged in the information. . . .

The assault jury charge instructed the jury as follows:

Our law provides that a person commits the offense of assault if the person intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. . . .

A person acts intentionally, or with intent, with respect to a result of his or her conduct when it is his or her conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his or her conduct when he or she is aware of the nature of his or her conduct or that the circumstances exist. A person acts knowingly or with knowledge, with respect to a result of his or her conduct when he or she is aware that his or her conduct is reasonably certain to cause the result. . . .

Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of May, 2016, in Bell County, Texas, the defendant, Natalie Louise Freeman, did then and there intentionally or knowingly or recklessly cause bodily injury to Anthony Kendrick, a family member or a household member of the Defendant's, by striking him on or about the head or face or body, then you will find the defendant guilty of the offense of assault as charged in the information. . . .

Appellant did not lodge any objections to either charge. The jury found appellant guilty of both charges. The trial court subsequently sentenced appellant

3

to serve 365 days in jail, probated for 18 months. This appeal followed.[1]

ANALYSIS

Appellant raises two issues on appeal. Appellant argues in her first issue that the trial court erred when it instructed the jury on the culpable mental state required to convict her of terroristic threat. Specifically, appellant contends that "terroristic threat is a conduct-oriented offense" and the trial court erred because it also included "result-oriented offenses" in the definition of "intentionally" in the abstract portion of the terroristic threat charge.

Appellant argues in her second issue that the trial court erred because it did not properly instruct the jury regarding the culpable mental states for assault. Here, appellant asserts that assault is a "result-oriented offense." Appellant then argues that the trial court's jury charge was erroneous because it included in the abstract portion of the charge "definitions of knowing conduct regarding conduct-oriented and circumstances-oriented offenses." In appellant's view, she suffered egregious harm as a result of both allegedly erroneous instructions. We address these issues together.

In a criminal case, we review complaints of jury charge error in two steps. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). First, we determine whether error exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). Second, we review the record to determine whether sufficient harm was caused by the error to require reversal of the conviction. *Id.*

---

[1] The Third Court of Appeals transferred the appeal to this court pursuant to an order of the Texas Supreme Court. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3.

4

The degree of harm necessary for reversal depends on whether the appellant preserved the error by objecting to the charge. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). When charge error is not preserved, as in this case, reversal is not required unless the resulting harm is egregious. *Id.*; *see also* Tex. Code Crim. Proc. art. 36.19.

Charge error is egregiously harmful when it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006). That is, the error must have been so harmful that the defendant was effectively denied a fair and impartial trial. *Almanza*, 686 S.W.2d at 172. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). Under *Almanza*, the record must show that the charge error caused the defendant actual, rather than merely theoretical, harm. *Ngo*, 175 S.W.3d at 750. Neither party has the burden to show harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

The trial court's charge must fully instruct the jury on the law applicable to the case and apply that law to the facts adduced at trial. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004); *see* Tex. Code Crim. Proc. art. 36.14. "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995) (internal citation omitted). The application paragraph applies the relevant law, the definitions found in the abstract portion of the charge, and general legal principles to the particular facts of the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (citing *Gray*, 152 S.W.3d at 127–28). Because the application paragraph specifies "the factual circumstances under which the jury should convict

5

or acquit, it is the 'heart and soul' of the jury charge." *Id.* at 367 (quoting *Gray*, 152 S.W.3d at 128). "It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and to prevent confusion." *Reeves*, 420 S.W.3d at 818 (internal quotation marks omitted).

We will assume for purposes of this appeal that appellant is correct when she asserts that terroristic threat is a conduct-oriented offense and that assault is a result-oriented offense. We will also assume that the trial court erred when it included additional definitions of the required culpable mental states in the abstract portion of each charge. Appellant however, does not dispute that the application paragraphs in both charges correctly tracked the statutory language for each offense. In that situation, the Court of Criminal Appeals has determined that the error in the abstract instruction does not cause egregious harm.[2] *See Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) ("Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not

---

[2] Appellant attempts to distinguish *Medina* and *Patrick* by arguing that they do not control the outcome in her appeal because they both involve murder, which, in appellant's view, "is a simply stated offense." Appellant continues that the principle stated in *Medina* and *Patrick* does not apply because "terroristic threat is a more complex offense involving numerous elements." Appellant does not, however, cite any authority for the proposition that an egregious harm analysis is resolved by examining whether the elements of a criminal offense are "simple or complex." A jury charge "must contain an accurate statement of the law and must set out the essential elements of the offense." *Dinkins*, 894 S.W.2d at 339. The Court of Criminal Appeals has determined that if the application paragraph of a jury charge accurately states the law, then any error in the statement of the law in the abstract portion of the charge does not cause egregious harm. *Medina*, 7 S.W.3d at 640. The court did not limit the application of this principle only to "simply stated offenses." Because it did not, we must apply it here and overrule appellant's issues. *See Gonzales v. State*, 190 S.W.3d 125, 130 n.1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (stating that intermediate courts of appeal must follow the precedent of the Texas Court of Criminal Appeals). To the extent that appellant in her two issues on appeal invites this court to not follow the precedent of the Court of Criminal Appeals, we decline that invitation. *See id.* If this precedent is to be changed, then that decision must be made by the Court of Criminal Appeals. *See State v. Delay*, 208 S.W.3d 603, 605–07 (Tex. App.—Austin 2006), *aff'd*, 233 S.W.3d 870 (Tex. Crim. App. 2007).

egregious."); *Patrick v. State*, 906 S.W.2d 481, 493 (Tex. Crim. App. 1995) ("We conclude that because the facts, as applied to the law in the application paragraph, pointed the jury to the appropriate portion of the definitions, no harm resulted from the court's failure to limit the definitions of the culpable mental states to proving the conduct element of the underlying offense."); *Kuhn v. State*, 393 S.W.3d 519, 529 (Tex. App.—Austin 2013, pet. ref'd) ("In different contexts, Texas courts have repeatedly held that where the application paragraph of the charge correctly instructs the jury on the law applicable to the case, this mitigates against a finding that any error in the abstract portion of the charge was egregious."). Because appellant has not shown that she suffered egregious harm as a result of the trial court's erroneous instructions, we overrule her issues on appeal.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgments.

/s/ Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish — TEX. R. APP. P. 47.2(b).