

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00068-CR

**RAYMOND GRELY THORNTON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2016-672-C2**

## MEMORANDUM OPINION

A jury convicted Appellant Raymond Grely Thornton of two counts of sexual assault of a child and assessed his punishment, enhanced by a prior conviction, at life imprisonment and a $10,000 fine for each count. This appeal ensued. In his sole issue, Thornton contends that "[t]his Court should exercise its constitutionally-mandated duty

to examine the factual sufficiency of the evidence and, after doing so, conclude that the evidence is factually insufficient."[1]

The Court of Criminal Appeals has abandoned the factual-sufficiency standard in criminal cases. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010) (concluding that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the . . . factual-sufficiency standard, and these two standards have become indistinguishable" and holding the following: "As the Court with final appellate jurisdiction in this State, we decide that the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled."); *see also Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). As an intermediate appellate court, we are required to follow binding precedent in cases decided by the Court of Criminal Appeals. *See State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006) ("As an intermediate appellate court, we lack authority to overrule an opinion of the court of criminal appeals."), *aff'd sub nom. State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). This Court has also repeatedly considered and rejected the arguments presented by Thornton. *See, e.g.*, *Wilkins v. State*, No. 10-16-00233-CR, 2018

---

[1] Thornton concedes that the evidence is sufficient under the *Jackson v. Virginia* standard of review. *See* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

WL 1097367, at *3 (Tex. App.—Waco Feb. 28, 2018, pet. ref'd) (mem. op., not designated for publication) (citing *Thomas v. State*, No. 10-17-00049-CR, 2017 WL 5662290, at *2 (Tex. App.—Waco Nov. 22, 2017, pet. ref'd) (mem. op., not designated for publication); *Burns v. State*, No. 10-16-00357-CR, 2017 WL 2819116, at *3 (Tex. App.—Waco Jun. 28, 2017, pet. ref'd) (mem. op., not designated for publication); and *Garcia v. State*, No. 10-16-00045-CR, 2017 WL 124163, at *2 (Tex. App.—Waco Jan. 11, 2017, pet. ref'd) (mem. op., not designated for publication)).

We are therefore not persuaded to consider Thornton's factual-sufficiency argument in this proceeding. We overrule Thornton's sole issue and affirm the trial court's judgments.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed August 19, 2020
Do not publish
[CRPM]

