# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00772-CR

---

## Ex parte Erik Neil Santee

---

### FROM THE 453RD DISTRICT COURT OF HAYS COUNTY
### NO. CR-21-0906-E, THE HONORABLE SHERRI TIBBE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Below, Erik Neil Santee filed a pretrial application for writ of habeas corpus, challenging his stalking prosecution on the grounds that the statute under which he was indicted, Section 42.072 of the Penal Code, is unconstitutional. *See* Tex. Penal Code § 42.072. The trial court denied habeas relief. By three issues, Santee argues that Section 42.072 is facially unconstitutional because: (1–2) it incorporates the electronic harassment statute, subsection 42.07(a)(7), which he contends is overbroad and vague, and (3) it permits prosecutions for "true threats" without the requisite mens rea of recklessness. *See id.* §§ 42.07(a)(7), 42.072. Because we are bound by precedent on the first two issues, and because Santee's remaining claim is not cognizable in a pretrial writ, we will affirm the district court's order denying habeas relief.

# I.   CONSTITUTIONALITY OF § 42.072

## A.   Standard of Review

"Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an 'as applied' challenge." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010).  When reviewing the constitutionality of a statute, we begin with the presumptions that the statute is valid, and that the Legislature did not act unreasonably or arbitrarily in enacting the statute.  *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015).  "Whether a statute is facially constitutional is a question of law that we review *de novo*."  *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).  And in reviewing a statute's facial constitutionality, "we examine the statute as it is written, rather than how it is applied in a particular case."  *State v. Rosseau*, 396 S.W.3d 550, 558 n.9 (Tex. Crim. App. 2013).

Generally speaking, "[a] party raising a facial challenge to the constitutionality of a statute must demonstrate that the statute operates unconstitutionally in all of its applications." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011).  "The First Amendment overbreadth doctrine provides an exception to this rule whereby a litigant may succeed in challenging a law that regulates speech if 'a "substantial number" of its applications are unconstitutional, "judged in relation to the statute's plainly legitimate sweep."'"  *Wagner v. State*, 539 S.W.3d 298, 310 (Tex. Crim. App. 2018) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008)).

Similarly, in most cases, "a facial challenge can succeed only if it is shown that the law is unconstitutionally vague in all of its applications." *Ex parte Ellis*, 309 S.W.3d at 80.  Yet, when the First Amendment is implicated, "a criminal law may be held facially invalid even if the law has some valid application."  *Id.* at 86.  Typically, "[t]o pass constitutional muster, a law that

imposes criminal liability must be sufficiently clear (1) to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) to establish determinate guidelines for law enforcement." *State v. Doyal*, 589 S.W.3d 136, 146 (Tex. Crim. App. 2019). "When the law also implicates First Amendment freedoms, it must also be sufficiently definite to avoid chilling protected expression." *Id.*

## B.   Analysis

Santee first contends that Section 42.072 is facially unconstitutional because it incorporates subsection 42.07(a)(7), which he argues is facially vague and overbroad. Second, he argues that Section 42.072 lacks the necessary mens rea for punishing "true threats" offenses.

"[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ex parte Ellis*, 309 S.W.3d at 79. "Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Although facial challenges to the constitutionality of a statute are generally cognizable, "a facial challenge to a statute underlying an offense is not a guarantee of cognizability." *Ex parte Couch*, 678 S.W.3d 1, 4 (Tex. Crim. App. 2023). "Except when double jeopardy is involved, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Ex parte Perry*, 483 S.W.3d at 895. Moreover, pretrial habeas may not be used to bring a facial challenge to a statute that is actually an as-applied challenge. *Ex parte Ellis*, 309 S.W.3d at 79.

The stalking statute outlaws two types of stalking: stalking by harassment and stalking by threats. *See* Tex. Penal Code § 42.072. Thus, the statute prohibits an actor from,

3

respectively, "knowingly engag[ing] in conduct that . . . constitutes an offense under Section 42.07, *or* that the actor knows or reasonably should know the other person will regard as threatening." *Id.* § 42.072(a)(1) (emphasis added). Here, Santee was charged under both provisions of the stalking statute. For the single count of stalking with which he was charged, he was alleged to have "sent repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend" and "knowingly engaged in conduct he knew or reasonably should know" that the victim "would regard as threatening bodily injury or death." *See id.*[1] Therefore, to be successful on a pretrial writ, Santee must show that both portions of the statute are facially unconstitutional. *See Ex parte Couch*, 678 S.W.3d at 6 (recognizing that constitutional challenge that would not invalidate whole charge against defendant is not cognizable on pretrial habeas).

Turning to Santee's overbreadth and vagueness challenges, we start by examining whether the First Amendment is implicated. *See Ex parte Lowry*, 693 S.W.3d 388, 407 (Tex. Crim. App. 2024) (when reviewing overbreadth challenge, "[f]irst, we determine whether the First Amendment is implicated"); *Ex parte Barton*, 662 S.W.3d 876, 885 (Tex. Crim. App. 2022) (first addressing whether First Amendment was implicated before turning to merits of constitutional

---

[1] The State argues that this "Court has no jurisdiction to reach" the constitutionality of the stalking-by-threats provision, "as this portion of the statute was not charged in this case, and is not properly before the Court." *See, e.g.*, *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017) ("[E]ven in the First Amendment context, a defendant has standing to challenge a statute only if it is being invoked against him."); *Limon v. State*, 947 S.W.2d 620, 624–25 (Tex. App.—Austin 1997, no pet.). However, the indictment plainly alleges that on more than one occasion, Santee "knowingly engaged in conduct he knew or reasonably should know" that the victim "would regard as threatening bodily injury or death." *See* Tex. Penal Code § 42.072(a)(1). Accordingly, we conclude that Santee has standing to challenge this portion of the statute. *See Ex parte Ingram*, 533 S.W.3d at 892.

vagueness challenge). Specifically, we begin with Santee's argument that Section 42.072 incorporates subsection 42.07(a)(7), which, in turn, implicates the First Amendment.

The Court of Criminal Appeals has repeatedly upheld § 42.07(a)(7)'s "facial constitutionality on grounds that it regulates conduct and not speech." *See Owens v. State*, --- S.W.3d ---, ---, PD-0075-24, 2025 WL 1587690, at *3 (Tex. Crim. App. June 4, 2025) (first citing *Ex parte Barton*, 662 S.W.3d at 884; and then citing *Ex parte Sanders*, 663 S.W.3d 197, 216 (Tex. Crim. App. 2022)). Likewise, we have also held that "the communications prohibited by subsection 42.07(a)(7) do not implicate speech protected by the First Amendment" and that the statute is not overly broad or vague. *Ex parte McDonald*, 606 S.W.3d 856, 863–64 (Tex. App.— Austin 2020, pet. ref'd) (citing *Blanchard v. State*, No. 03-16-00014-CR, 2016 WL 3144142, at *3 (Tex. App.—Austin June 2, 2016, pet. ref'd) (mem. op., not designated for publication)). Thus, under the doctrines of stare decisis, we are bound to follow the prior decisions of both this Court and the CCA. *See, e.g.*, *Mason v. State*, 416 S.W.3d 720, 728 n.10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("When the Court of Criminal Appeals has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis."); *Medina v. State*, 411 S.W.3d 15, 20 n.5 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("[A]bsent a decision from the Court of Criminal Appeals or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, we are bound by our prior panel decision.").

Nevertheless, Santee questions the viability of certain precedent of both this Court and the CCA as it pertains to the constitutionality of subsection 42.07(a)(7), in light of the Supreme Court's recent decision in *Counterman v. Colorado*. 600 U.S. 66 (2023). The Colorado statute examined in that case outlawed "repeatedly mak[ing] any form of communication with another

person in a manner that would cause a reasonable person to suffer serious emotional distress and does cause that person to suffer serious emotional distress." *Id.* at 70 (citation modified) (citing Colo. Rev. Stat. § 18–3–602(1)(c) (2022)). We observe that the first part of the Colorado statute is somewhat similar to subsection 42.07(a)(7), which makes it unlawful to "send[] repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." *See* Tex. Penal Code § 42.07(a)(7).

However, *Counterman* did not involve a facial challenge to the statute at issue. Instead, the *Counterman* Court concluded that the Colorado statute was unconstitutional as applied to petitioner because "[t]he State had to show only that a reasonable person would understand his statements as threats. It did not have to show any awareness on his part that the statements could be understood that way." 600 U.S. at 82. On this issue, subsection 42.07(a)(7) is readily distinguishable from the Colorado statute examined in *Counterman*, as our statute requires the State to show that the defendant had "the intent to harass, annoy, alarm, abuse, torment, or embarrass another" when he sent "repeated electronic communications." *See* Tex. Penal Code § 42.07(a)(7); *see also Counterman*, 600 U.S. at 69 ("[T]he First Amendment . . . requires proof that the defendant had some subjective understanding of the threatening nature of his statements. . . . but . . . a mental state of recklessness is sufficient.").

*Counterman* does not provide us with a need to revisit our precedent or to conclude that the CCA's precedent is no longer binding. First, it is not the function of a court of appeals to abrogate or modify established CCA precedent. *State v. DeLay*, 208 S.W.3d 603, 607 (Tex. App.—Austin 2006), *aff'd sub nom.*, *State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). That privilege lies exclusively with the CCA. *Id.*; *see* Tex. Const. art. V, § 5(a); *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971). And since *Counterman*, the CCA has

6

not disavowed its conclusion that "[t]he statute 'does not regulate expressive conduct. Instead, it focuses upon conduct that is not inherently expressive.'" *Owens*, 2025 WL 1587690, at *3 (quoting *Ex parte Sanders*, 663 S.W.3d at 216).

Second, the two intermediate courts of appeals that have squarely addressed the issue since *Counterman* have both concluded that *Counterman* does not command a finding that subsection 42.07(a)(7) is unconstitutional. *See Ex parte Ordonez*, 693 S.W.3d 419, 423–24 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (holding that "the First Amendment is not implicated by § 42.07(a)(7)" and that "*Counterman* does not change our analysis"); *Earl v. State*, No. 03-23-00427-CR, 2025 WL 1773011, at *5 (Tex. App.—Austin June 27, 2025, pet. filed) (mem. op., not designated for publication) (declining to hold § 42.07(a)(7) facially unconstitutional because "we are bound by the decisions of the Court of Criminal Appeals and this Court").

Accordingly, we conclude that subsection 42.07(a)(7) does not implicate the First Amendment and is not facially unconstitutional, either for overbreadth or vagueness. *See Ex parte McDonald*, 606 S.W.3d at 863–64. Therefore, Section 42.072 is not facially unconstitutional for incorporating subsection 42.07(a)(7). *See Netaji v. Roberts*, No. 03-19-00840-CV, 2021 WL 5312489, at *8, 10 (Tex. App.—Austin Nov. 12, 2021, no pet.) (mem. op.) ("[B]ecause the stalking statute does not reach a substantial amount of constitutionally protected conduct, judged in relation to its plainly legitimate sweep, it is not facially unconstitutional.").

We next turn to Santee's argument that the stalking statute's allowance for prosecutions where a defendant "knows or reasonably should know the other person will regard as threatening" violates *Counterman*'s holding that prosecutions for "true threats" must incorporate

a mens rea of at least recklessness. *See* Tex. Penal Code § 42.072(a)(1); *Counterman*, 600 U.S. at 69. However, our conclusion that Section 42.072's incorporation of Subsection 42.07(a)(7) is constitutional converts this complaint into an as-applied challenge. This is because, even if Santee is successful on this specific complaint, the remedy would be to simply sever the "true threats" manner and means allegations from the indictment. *See Ex parte Couch*, 678 S.W.3d at 6. Doing so would not result in Santee's release, as prosecution could nonetheless proceed on the stalking-by-harassment manner and means. *See id.* As such, this complaint is not cognizable in a pretrial writ of habeas. *See id.* ("A grant of relief on Couch's claim would not release her from prosecution for the offense alleged in her indictment. . . . Consequently, her claim is not cognizable in pretrial habeas."); *Ex parte Ellis*, 309 S.W.3d at 80 ("If a claim designated as a facial challenge is in fact an as-applied challenge, courts should refuse to consider the merits of the claim.").

Accordingly, we overrule the issues Santee raises on appeal.

## II. CONCLUSION

We affirm the trial court's order denying habeas relief.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Theofanis and Ellis

Affirmed

Filed: November 14, 2025

Do Not Publish

8